## Commonwealth ex rel. v. Gernert

*Jesse Cantor*, assistant district attorney of Onondaga County, N. Y., and *James F. Marx*, district attorney of Berks County, for Commonwealth.

*M. Bernard Hoffman*, and *John R. K. Scott*, for petitioner.

SHANAMAN, J., December 9, 1940.—A warrant of extradition was issued by the Governor of this Commonwealth for the return of petitioner to the State of New York, on the charge of abandonment of a minor child in that State, whereupon he obtained from this court a writ of habeas corpus, alleging that the detainer was unlawful because he is a resident of Pennsylvania, and is not a fugitive from the State of New York. A hearing was held and testimony taken. It appears that in 1926 petitioner, with his wife and children, lived in Syracuse, N. Y., for

about two months, and then moved with them to Massachusetts where he and his family lived for over a year. In 1928, while living in Massachusetts, he and his wife separated, his wife taking the children. He then completed some temporary work in New York City and lived there for about three months, after which he moved to Connecticut, and in 1930 moved to Pennsylvania. In 1930, while living in Philadelphia, Pa., petitioner was extradited on a charge of abandonment of children. He went to Syracuse, N. Y., pleaded guilty, and was placed on probation by the court of Onondaga County on condition that he pay $15 a week for support of children, subject to further order of court. Petitioner then returned to Philadelphia, where he continued to live. During the depression that ensued he was sometimes out of work, and at such times lived with his uncle in Beacon, N. Y. Such temporary residence in New York occurred in 1931, 1932, 1933, and possibly after that. Upon such occasions petitioner has stayed for several months at a time in Beacon, N. Y. During the last two years petitioner has lived in Reading, Pa.

No question is raised of identity, nor, on the other hand, can it well be contended that petitioner is not now a citizen of Pennsylvania. We are of opinion, however, that the order of the court of Onondaga County, ordering him to contribute $15 a week to the support of his minor children, warrants his commitment and delivery to the proper officers of the State of New York. He cites Commonwealth, ex rel. Murphy, v. Edeburn, 68 Pitts. L. J. 452, and Commonwealth v. Emrick, 72 Pitts. L. J. 232. In both these cases a resident of Pennsylvania was arrested in Pennsylvania on extradition proceedings, charging neglect or abandonment of minor child in another State. In the Edeburn case, petitioner was not and never had been a citizen of the other State. In the Emerick case, petitioner had at one time resided with his family in the demanding State. We think these cases are clearly distinguishable by the fact that it was not shown in either

of them that any court of the demanding State had ever had jurisdiction of the petitioner and had made an order against him for support of the minor child. In the Emrick case the court said (p. 233):

"In the light of the undisputed facts and the law applicable thereto, we cannot adjudge the relator a fugitive from justice. There is nothing on the record to show that any Court of the demanding State made any order for support of the minor child or that the relator has refused to support his child."

"Who is a fugitive from justice? In Degant vs. Michael, 2 Indiana, 396, 28 L. R. A., 289, we find the following definition: 'To be a fugitive from justice a person must have left the State in which he committed a crime for the purpose of escaping punishment for it.' In Rapalje & Lawrence's Law Dictionary, Vol. 1, page 555, a fugitive from justice is defined: 'In American law a fugitive from justice is one who, having committed a crime in one jurisdiction, flees therefrom into another jurisdiction, in order to escape punishment.' In Bouvier's Law Dictionary, Vol. 1, at page 697, we find the following definition: 'A fugitive from justice is one who, having committed a crime flees from the jurisdiction within which it was committed to escape punishment' ". Commonwealth ex rel. Filson v. Weimer, Sheriff, 65 Pitts. L. J. 801, 807.

In the present case, the certified copy of the conviction and order of court of the Onondaga County court show a plea of guilty to the charge of abandonment, entered in that court by petitioner, and an order of $15 a week made against him for support of children. He also testified that an order of weekly payment was made against him at the time. He does not contend that he has complied with the order.

On the record and evidence it was not, in our opinion, our duty to order his release. After hearing and argument we ordered petitioner committed to the warden of the Berks County jail, who brought him hither, to be re-delivered by the warden to the officer from New York

State under the requisition, properly authorized to receive him. Having held that he was a fugitive from justice, we allowed an exception to our order. Bond for appeal and bail having been taken, and supersedeas having been allowed by us, this opinion is filed for purposes of the proceedings on appeal.